**Affirmed and Memorandum Opinion filed July 2, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00181-CR

---

### ROY GENE ROBINSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 90150-CR**

---

## M E M O R A N D U M   O P I N I O N

In a single issue, appellant Roy Gene Robinson contends the evidence is legally insufficient to support his conviction for indecency with a child by contact because there is no credible evidence that "any contact between [the complainant] and the appellant occurred with an intent to arouse or gratify a sexual desire of any person." We affirm.

## Background

A grand jury indicted appellant for the offense of indecency with a child by contact. The following evidence was presented at appellant's trial.

Appellant was the live-in boyfriend of Margarita, grandmother of the four-year-old complainant "Anna."[1] Anna regularly stayed with Margarita when Anna's mother—Margarita's daughter—went to work. When Anna stayed with Margarita, she slept in the same bed as her grandmother; sometimes appellant slept in the bed with them but most of the time he slept on a couch in the living room. Anna knew appellant as "Babe" or "Junior."

On the morning of April 25, 2020, appellant knocked on the door of Margarita's apartment because he did not have his key with him. Margarita left Anna in bed sleeping and went to answer the door. Anna was wearing a two-piece pajama set with a pull-up diaper under the pajama bottoms because she occasionally had night-time accidents. When Margarita let appellant into the apartment, his shirt and pants were wet with what Margarita presumed was beer because appellant had a bottle of beer in hand. Margarita described appellant as "drunk or high" because he seemed "too happy" and "too energetic." Appellant went to the bathroom and then went into the bedroom, where Anna was in the bed, to sleep.

Margarita started making coffee in the kitchen, but she heard Anna scream from the bedroom. She ran into the bedroom, but she could not see Anna. She pulled the covers off the bed and found appellant and Anna underneath the blankets. Anna's pajama bottoms and diaper were down around her ankles. She saw appellant on top of Anna; he was awake, wearing only his boxer shorts, and Margarita observed that he had an erection. Anna was crying in the fetal position, with her

---

[1] We refer to the minor complainant by this pseudonym. *See* Tex. R. App. P. 9.10.

back against appellant's stomach. Margarita asked appellant and Anna what happened. Appellant said "nothing," but Anna said, "Babe did it." Margarita picked Anna up, told appellant to leave, pulled Anna's pants up, and called the Freeport Police Department ("FPD"). Margarita went downstairs with Anna to wait for the police to arrive.

FPD Officers Lorena Huerta and Angela Cantrell arrived in response to Margarita's call. Officer Huerta's body camera recorded their interactions, and the video was played for the jury. Officer Huerta described Margarita as upset and shaking; Margarita was holding Anna and continually patting her. Margarita explained what she had seen to the officers when she found appellant and Anna in her bed. Officers Huerta and Cantrell, along with FPD Sergeant Curtis Land, then spoke to appellant. Officers Huerta and Cantrell observed that appellant had what appeared to be a bulge in his pants that they believed was an erection when they first made contact with him. Additionally, Sergeant Land stated that he "observed . . . during the pat-down that [appellant] had an erection." The sergeant stated that he "actually felt" that appellant had an erection when he patted appellant's waistline. Appellant denied any wrongdoing, claiming that he was awoken by Anna's screaming, and saw that Anna's pajama pants and pull-up diaper had been pulled down.

Officers collected DNA swabs from appellant's hands and a buccal swab with his consent. They did not collect appellant's underwear or his pants. Officers also collected Anna's pull-up diaper, pajamas, and socks, as well as the bedsheets from Margarita's bed. The diaper was forensically tested, but the bedsheets were not; no semen was detected on the items tested. DNA analysis of the swab from appellant's right hand indicated a profile that likely included DNA from both appellant and Anna; the swab from his left hand contained only appellant's DNA profile.

3

Margarita took Anna to the hospital, where Anna's mother joined them. A sexual assault nurse examiner ("SANE") examined Anna. In her report, which was admitted into evidence, the SANE described Anna's statement:

> Babe pulled my Pamper down; and my mom say, no, don't touch my daughter. He touch me. He touched my bunt there, right there, like that. Patient places arm to her back and puts her index finger over the anus area over her jean shorts. Clarified what -- what was used to touch her. With hand. He touched right here. Neck. She pointed to the front of the neck. Like this. Patient demonstrated bending her elbow to the front of her neck. It hurt. I couldn't bead. That clarified meaning breathe. Mom called the police because I cried. During the genital exam the patient placed her index finger on her vulva to indicate where she was touched.

During the exam, the SANE saw redness and swelling on Anna's genitals, and she reported that Anna said it was painful in that area. The SANE agreed that Anna's injury was due to "trauma of some sort."

Anna, who was seven years old at the time of trial, testified and identified appellant. She stated, "He touched me in the private. That's bad." Anna did not remember waking up and screaming, but she remembered going to the hospital, although she did not recall what she told any medical professionals. She remembered telling someone at the hospital that appellant put his hand over her throat and squeezed her neck; when asked, "Did that really happen[?]," she nodded her head and said, "Yes." According to Anna, she did not pull her pajama bottoms down. She also stated that, when appellant had lived with her grandmother, she liked being around him and did not want him to go away.

The jury found appellant guilty as charged in the indictment and assessed his punishment at eight years' confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court signed a judgment in accordance with the jury's verdict, and this appeal timely followed.

4

**Analysis**

Appellant was charged with and convicted of indecency with a child by contact. As relevant here, a person commits this offense if, with a child younger than seventeen years of age, the person, "engages in sexual contact with the child." Tex. Penal Code § 21.11(a)(1). "Sexual contact" includes, "if committed with the intent to arouse or gratify the sexual desire of any person[,] any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *Id.* § 21.11(c)(1); *see also Romano v. State*, 612 S.W.3d 151, 156-57 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

Appellant challenges his conviction on legal-sufficiency grounds. According to appellant, the State failed to show beyond a reasonable doubt that he "engaged in sexual contact with [Anna] by failing to present credible testimony or other evidence that any contact between [Anna] and the appellant occurred with an intent to arouse or gratify a sexual desire of any person."

When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine whether a rational factfinder could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Cantu v. State*, 604 S.W.3d 590, 593 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd). Although we consider all evidence presented at trial, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *Cantu*, 604 S.W.3d at 593. A factfinder may accept one version of the facts and reject another, and the factfinder may accept or reject any part of a witness's testimony. *Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018). We defer to the factfinder's resolution of conflicts in the evidence, weighing of the testimony, and drawing of reasonable inferences from

basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Finally, we note that the testimony of a child complainant alone is sufficient to support a conviction for indecency with a child. *See* Tex. Code Crim. Proc. art. 38.07(a), (b)(1) (uncorroborated testimony of child victim is sufficient to support conviction under Penal Code chapter 21 if child victim was seventeen years of age or younger at time of offense).

Appellant does not deny that he contacted Anna's genitals; instead, he focuses on whether there was sufficient evidence that any contact occurred with the requisite intent. In an indecency case, a trier of fact may infer the requisite intent to arouse or gratify sexual desire from conduct, remarks, or all surrounding circumstances. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981). Although no visible evidence of sexual arousal is necessary to reasonably infer intent, *see Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd), in today's case we have testimony from Margarita, who testified that she came into the room immediately when Anna screamed and discovered Anna with her pants and diaper down around her ankles, and Margarita observed that appellant had an erection. The jury could have reasonably inferred from this evidence that when appellant touched Anna, he did so with the intent to arouse or gratify his sexual desire. The jury could rationally make this inference from Anna's testimony that appellant touched her genitals and from Margarita's testimony that appellant had an erection—i.e., was in a sexually aroused state—around the time that he touched Anna's genitals. *E.g.*, *Vizcaino v. State*, No. 08-22-00062-CR, 2023 WL 377906, at *2-3 (Tex. App.—El Paso Jan. 24, 2023, no pet.) (mem. op., not designated for publication) ("That the Appellant had an erection from sexual arousal is a rational inference from the 'bump' S.G. described with regard to Appellant's genitals while rubbing himself on her.").

Additionally, three police officers who observed appellant shortly after the incident occurred all testified that they saw that appellant had an erection. Appellant complains that neither Officer Huerta nor Officer Cantrell were "familiar with his genitals" and neither "inspect[ed] his possible erection." He argues that Sergeant Land admitted on cross-examination that he did not in fact pat down appellant's genitals and "tried to dismiss his contradictory testimony by claiming to have felt the erection in the appellant's waistline." Appellant sums up his sufficiency complaint as follows:

> According to the State's theory of the case, a momentary possible touching of [Anna] by the appellant led to an erection that lasted over an hour and was observed by multiple police officers. No rational trier of fact could have found that the appellant had time to undress [Anna], touch her genitals or anus, and arouse himself as [Margarita] momentarily left the room to make coffee and then maintained that erection for over an hour.[2]

Appellant's arguments are impermissible attacks on the jury's assessment of the credibility of the witnesses rather than the sufficiency of the evidence of his arousal. Moreover, "[t]he jury may use common sense and apply common knowledge, observation, and experience gained in ordinary affairs when drawing inferences from the evidence." *Carmona*, 610 S.W.3d at 615 (citing *Acosta v. State*, 429 S.W.3d 621, 630 (Tex. Crim. App. 2014)). It is certainly common knowledge that an erection most often indicates sexual arousal. The jury reasonably could have based its verdict on Margarita's testimony alone that she observed appellant in a

---

[2] Appellant also complains, "[Anna] did testify to the appellant, whom she called Babe, touching her but she did not clarify when the touching occurred, and she further supplied no evidence that the appellant became aroused while in the bed with her." Expecting Anna, a four-year-old child at the time of the incident and only seven years old at the time of trial, to supply evidence that appellant became aroused when touching her is meritless: "The law recognizes the limitations of child witnesses and does not expect them to recount events that occurred when they were children with the same level of clarity and precision as adults." *Carmona v. State*, 610 S.W.3d 611, 615 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

visibly aroused state at the time of the incident.  Whether appellant remained aroused and for how long—although also supportive of the verdict—are not additional facts necessary to uphold the verdict.

In sum, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational juror could have found beyond a reasonable doubt that appellant touched Anna's genitals to arouse or gratify his sexual desire.  In other words, a rational juror could have found beyond a reasonable doubt the elements of the offense of indecency with a child by contact.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
                Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

8